UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BENGALLY FATTY,<br><br>                Petitioner,<br><br>     v.<br><br>KIRSTJEN M. NIELSEN, et al.,<br><br>                Respondents. | CASE NO. C17-1535-MJP<br><br>ORDER DENYING MOTION FOR CLARIFICATION AND/OR RECONSIDERATION |

THIS MATTER comes before the Court on Respondents' Motion for Clarification and/or Reconsideration. (Dkt. No. 31.) The Court clarifies its May 6, 2018 Minute Order as follows:

The Court ordered that Petitioner be afforded a bond hearing pending resolution of his 28 U.S.C. § 2241 immigration habeas petition. (See Dkt. No. 30.) In so doing, the Court conclusively resolved the merits of his petition as it relates to his request for a bond hearing. The Court finds that Petitioner is eligible for a bond hearing for the following reasons:

First, Petitioner faces a final order of removal and is being detained under 8 U.S.C. § 1231(a)(6), which authorizes the detention of non-citizens who have been ordered removed beyond the 90-day removal period. While Respondents contend that Diouf II should be regarded

as effectively overruled by the Supreme Court's decision in Jennings v. Rodriguez, 138 S.Ct. 830 (2018), the Court disagrees, and joins those district courts that have found that Diouf II remains controlling. See, e.g., Baños v. Asher, No. 16-1454JLR, 2018 WL 1617706 (W.D. Wash. Apr. 4, 2018); Ramos v. Sessions, 293 F. Supp. 3d 1021 (N.D. Cal. 2018); Mercado-Guillen v. Nielsen, 2018 WL 1876916 (N.D. Cal. Apr. 19, 2018); Borjas-Calix v. Sessions, 2018 WL 1428154 (D. Ariz. Mar. 22, 2018). In Jennings, the Supreme Court explicitly contrasted §§ 1225 and 1226—the statutes at issue in that case—with § 1231(a)(6)—the statute at issue here and in Diouf II, and noted that §§ 1225 and 1226 use the mandatory language "shall," while § 1231(a)(6) uses the discretionary language "may." See Jennings, 138 S.Ct. at 843. Because Jennings "at a minimum . . . left for another day the question of bond hearing eligibility under [§] 1231(a)," it is not "clearly irreconcilable" with the Ninth Circuit's holding in Diouf II, which remains binding circuit authority. Ramos, 293 F. Supp. 3d at 1027; see also Lair v. Bullock, 697 F.3d 1200, 1207 (9th Cir. 2012) (holding that prior circuit precedent is binding unless it is "clearly irreconcilable" with intervening higher authority). Here, Petitioner falls directly within the category of non-citizens held pursuant to § 1231(a)(6), and his eligibility for a bond hearing is therefore governed by Diouf II.

Second, while Respondents contend that Petitioner's removal is "imminent," such that he is not entitled to a bond hearing under Diouf II, whether Petitioner is to be removed at all is presently in dispute. Further, more than six months have elapsed since Respondent first made this argument, yet Petitioner remains in custody. (See Dkt. No. 14 at 4); see also Mercado-Guillen, 2018 WL 1876916, at *3 ("Respondents' contention that 'Petitioner has not and cannot show that he is not subject to removal in the reasonably foreseeable future' is not sufficient to

demonstrate that [Petitioner's] removal is imminent, given that more than two months have elapsed since Respondents first made that argument . . .").

Respondents have informed the Court that Petitioner's bond hearing is scheduled for May 31, 2018. (Dkt. No. 32.) The Court hereby DENIES Respondents' Motion for Reconsideration and ORDERS Respondents to proceed with the bond hearing date as scheduled.

The clerk is ordered to provide copies of this order to all counsel.

Dated May 24, 2018.

Marsha J. Pechman
United States District Judge